COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GUY KENERSON, | § | No. 08-08-00217-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | Criminal District Court No. One |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20080D00935) |
| | § | |

## MEMORANDUM OPINION

This is an appeal from a jury conviction for three counts of delivery of cocaine in an amount less than one gram. Each count was enhanced by the allegation of four prior felony convictions. The court assessed punishment at eleven years' imprisonment on each count to run concurrently. We affirm the judgment as reformed.

Appellant's court-appointed counsel has filed a brief in which she has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by advancing contentions which counsel says might arguably support the appeal. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of his right to examine the appellate record and file a *pro se* brief. A *pro se* brief has been filed.

We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly

frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal.

However, we note that the *Nunc Pro Tunc* Judgment reflects that Appellant was convicted only of one count. This Court has the authority to reform the trial court's judgment to correct a clerical error. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). When there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The jury returned three separate verdicts one on each count, and the court assessed punishment at eleven years' imprisonment on each count to run concurrently. Accordingly, we reform the judgment and order the District Clerk of El Paso County to issue two *nunc pro tunc* judgments in accordance with TEX. CODE CRIM. PROC. ANN. art. 42.01 (Vernon 2006).

One judgment is to include the notations that Appellant was convicted by the jury on count two committed on December 4, 2007 for delivery of a controlled substance in penalty group two in an amount less than one gram, and with the same punishment of eleven years' imprisonment as a second degree-felony, as assessed by the court as in count one. The judgment should indicate that the sentence is to run concurrent with the other two counts. The judgment should indicate that Appellant pleaded "not true" to enhancement paragraphs one and four, no plea to enhancement paragraph two, and a plea of "true" to paragraph three. The judgment should indicate that the court found all four enhancement paragraphs to be true.

The third judgment should reflect that Appellant was convicted by the jury on count three committed on December 7, 2007 for delivery of a controlled substance in penalty group one in an amount less than one gram, and with the same punishment of eleven years' imprisonment as a second-degree felony as assessed by the court as in counts one and two. The judgment should indicate that

the sentence is to run concurrent with the other two counts.  The judgment should also indicate that Appellant pleaded "not true" to enhancement paragraphs one and four, and true to enhancement paragraphs two and three.  It should be stated that the court found all four enhancement paragraphs to be true.  The judgment should reflect that the sentences on all three counts are to run concurrently.

The District Clerk of El Paso County is to prepare the *nunc pro tunc* judgments and include them in a supplemental clerk's record and forward them to this Court by October 21, 2009.

The judgment, as reformed, is affirmed.


GUADALUPE RIVERA, Justice

October 7, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)